UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY DEBOSE,<br>　　　　Plaintiff,<br>　　v.<br>DAVID A. WILDMAN, et al.,<br>　　　　Defendants. | Case No. 17-cv-03705-SI<br><br>**ORDER OF DISMISSAL** |

This action is now before the court for review of Donald Ray Debose's response to an order to show cause why pauper status should not be disallowed. For the reasons discussed below, pauper status will not be allowed, and the action will be dismissed.

A.　The Order To Show Cause

On October 5, 2017, the court ordered Debose to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g). That section provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The order to show cause identified three prior dismissals that appeared to count under § 1915(g), stated that Debose did not appear to be under imminent danger of serious physical injury when he filed the complaint, and ordered Debose to show cause why pauper status should not be denied and the action should not be dismissed. Docket No. 4. The order to show cause

1 further stated that Debose also could avoid dismissal by paying the filing fee by the deadline.

B. <u>The Cases Being Considered As Strike Dismissals</u>

The first case being used as a strike dismissal is *Debose v. Chappell*, Case No. 12-cv-4234 SI, in which Debose commenced the action with a document entitled "28 U.S.C. § 2403(b) Intervention by United States or State: 'Constitutional Question.'" In that action, Debose complained about the taking of monies from his inmate trust account to pay the restitution and fines imposed in the murder case before his appeal had concluded. The court dismissed the action for failure to state a claim because it was "long settled that a criminal defendant can be required to begin or even complete serving his sentence before the appeal from his conviction concludes," and it followed that the deprivation of property pursuant to a judgment of conviction also was permissible before the criminal appeal concluded. Case No. 12-cv-4234 SI, Docket 4 at 2. The court dismissed the action for failure to state a claim upon which relief may be granted.

The second case being used as a strike dismissal is *Debose v. Governor Brown*, Case No. 12-cv-6169 SI, in which Debose filed a civil rights complaint under 42 U.S.C. § 1983. He complained that the California process for reviewing capital convictions and sentences was unlawfully slow and inadequate. The court dismissed the complaint with leave to amend due to numerous deficiencies, including the following: Debose had no standing to complain about other inmates' problems; some of his claims impliedly called into question his conviction, and would be barred by the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994); the complaint did not link any defendant to any legal claim; the conclusory allegations of conspiracy did not adequately allege any conspiracy liability; some claims (i.e., the bill of attainder claim, the suspension of the writ claim, and the civil rights claim against the appellate attorney) were incurably deficient; and Debose needed to provide more specific declaratory and injunctive relief requests. Case No. 12-cv-6169 SI, Docket No. 3. The court later dismissed the action for failure to state a claim after Debose's amended complaint failed to correct most of the deficiencies discussed in the order of dismissal with leave to amend. Debose had completely ignored the instruction to link each defendant to his legal claim(s) and had ignored the instruction to present specific injunctive and

2

declaratory relief requests. Those portions of the relief request which the court could understand sought relief to which Debose plainly was not entitled. Debose's request for "automatic reversal" of his conviction because his "case had structural damages from trial," Docket No. 8 at 15 (random capitalization omitted), was squarely barred by the *Heck* rule. The *Heck* rule also barred consideration of any claim (such as the prosecutorial misconduct and ineffective appellate attorney claims Debose mentions at pages 5, 10, and 15 of Docket No. 8) that would call into question the validity of the conviction or sentence. Further, Debose failed to allege a short and plain statement of each claim for relief he wished to assert, as his amended complaint was a mishmash of ideas that failed to provide a sufficient description of any claim for relief. The order of dismissal stated that the action was dismissed "because the amended complaint fails to state a claim against any particular defendant and fails to comply with the court's order to correct the deficiencies that existed in the complaint." Case No. 12-cv-6169 SI, Docket No. 9 at 6. The court also gave an alternate basis for dismissal: "As discussed in the preceding section, the court does not understand most of the request for relief section in the amended complaint and cannot grant the requests for relief that it does understand (i.e., referral to the Attorney General and automatic reversal). Even if plaintiff did ask this court for declaratory relief or an injunction against the California Supreme Court to get that court to decide his case immediately, abstention would be appropriate" under *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Case No. 12-cv-6169 SI, Docket No. 9 at 4.

The third case being used as a dismissal is *Debose v. Ronald George*, Ninth Cir. No. 13-17177, which was the appeal from the dismissal of Case No. 12-cv-6169 SI. The appeal was determined to be frivolous in a December 19, 2013 order, and was dismissed on January 10, 2014, when Debose failed to pay the full filing fee as ordered when the appeal was found to be frivolous.

C. <u>Evaluation Of Response To Order To Show Cause</u>

Debose filed a response to the order to show cause on November 20, 2017, in which he argued that none of the three cases identified in the order to show cause should count as strike dismissals. He argued that "a dismissal under *Heck* does not count as a strike within the meaning of 1915(g)." Docket No. 5 at 10. He also argued that the court should consider that "the *Heck*-

3

1 dismissed claims were part and parcel of Debose's legal challenge to his illegal conviction and
2 sentence [as] well as illegal appeal process." *Id.*at 11. In his view, his "*Heck*-barred damages
3 claims are [] intertwined with habeas challenge to the underlying conviction and sentence." *Id.*
4 He further argued that the court should have construed his § 1983 civil actions as habeas petitions
5 and dismissed them for failure to first exhaust state remedies, and that such a dismissal would not
6 have counted as a strike. *Id* at 12. His arguments do not persuade the court that § 1915(g) should
7 not be applied to him today.

### 1. The Strike Dismissals Did Not Occur In Habeas Actions.

The dismissal of a habeas petition does not result in a strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016).

Debose's strike dismissals were not habeas petitions or would-be habeas petitions. Debose's efforts today to cast the dismissed cases as habeas-like are unavailing because it is so clear that the actions were filed in a deliberate effort to circumvent procedural rules for federal habeas corpus.

Months before he filed Case No. 12-cv-6169 SI in the Northern District, Debose had filed an actual habeas petition in the Central District of California. In *Debose v. Chappelle*, C. D. Cal. Case No. 12-cv-5254 DDP, Debose filed a "writ of habeas corpus 28 U.S.C. § 2241(a)(c)(3)," complaining about the slow and inadequate post-conviction review process in California and asking for his conviction to be overturned. C. D. Cal. Case No. 12-cv-5254 DDP, Docket No. 1 at 1, 7. Judge Pregerson dismissed that petition on September 6, 2012, explaining that: (a) Debose could not proceed under § 2241; (b) § 2254 "provide[d] the sole mechanism for condemned prisoners to have their habeas claims heard in the federal courts," C. D. Cal. Case No. 12-cv-5254 DDP, Docket No. 5 at 2-3; (c) Debose could not bypass the exhaustion requirement because he had not shown there was an absence of an available state corrective process or that circumstances existed that rendered such process ineffective to protect the prisoner's rights, *id* at 3-8; and (d) Debose's claim of a conflict with his appointed attorney was "illusory," *id.* at 9. Debose then filed a motion for reconsideration and clarification in which he argued that the court wrongly construed

4

the petition as being under § 2254 rather than § 2241 and that the dismissal of the unexhausted petition should have been without prejudice. C. D. Cal. Case No. 12-cv-5254 DDP at Docket No. 6. On October 10, 2012, the court denied the motion for reconsideration but amended the order of dismissal to be a dismissal without prejudice.

Having failed with a habeas petition in the Central District, Debose then filed Case No. 12-6169 SI in this district -- one of the three strike dismissals. His initial pleading was clearly marked as a "complaint under the Civil Rights Act, 42 U.S.C. 1983, 42 U.S.C. 1985," alleging that the California post-conviction review process was slow and inadequate. At the time he filed Case No. 12-cv-6169 SI, Debose already knew he could not proceed in a habeas action because § 2254 was the exclusive statutory basis for a petition for writ of habeas corpus from a convicted inmate and that he had to wait until his state court remedies were exhausted before filing such a petition. Debose's efforts today to cast Case No. 12-6169 SI as being in the nature of a habeas action is disingenuous -- he filed a civil rights complaint for the very purpose of avoiding the exhaustion requirement in habeas. The civil rights action will not be deemed to be a habeas action for purposes of determining whether it counts as a strike under § 1915(g).[1]

---

[1] Case No. 12-cv-6169 was but one of many efforts by Debose to try to find a way to get a court to consider complaints about the post-conviction review process in California. After his habeas petition was rejected in the Central District Case No. 12-cv-5254 DDP, Debose tried to file the same sort of habeas petition under 28 U.S.C. § 2241 in the Northern District, *see Debose v. Chappel*, Case No. 13-mc-80159 EMC; that case was transferred to the Central District (as the district of conviction) and became *Debose v. Chappell*, C. D. Cal. Case No. 2:13-cv-5381 DDP. The petition was dismissed at the outset, as it was largely repetitive of C. D. Cal. Case No. 12-cv-5254 DDP. Debose also filed a motion to join a civil rights action filed by another death row inmate challenging California's system for post-conviction review of death penalty cases. *See* Docket No. 55 in *Shove v. Brown*, Case No. 12-cv-211 RMW. And Debose filed several additional civil actions concerning California's system for post-conviction review of death penalty cases: *Debose v. George*, Case No. 12-cv-6169 SI; *Debose v. State of California*, Case No. 14-cv-5268 SI; *Debose v. Legislative Body of California*, Case No. 16-cv-5247 SI; and the present action.

Debose is one of several death row inmates trying various methods to complain about California's post-conviction review process for death penalty cases. Judge Pregerson described the petition in C.D. Cal. Case No. 13-cv-5831 DDP as a "photocopy, with some changes specific to Petitioner's circumstances, of petitions that have been filed by multiple other death row inmates both in this and also in other federal courts in the State of California and largely recapitulates arguments he has previously made to this Court and which this Court has rejected. (*See* Case No. 12-5254 DDP.) . . . The current filing contains multiple references to cases involving another

Case No. 12-cv-4234 SI also was not filed as a habeas action, and will not be construed to be a habeas action. In that action, Debose did not challenge his conviction or sentence, and instead challenged only the timing of the obligation to pay the restitution and fines imposed when he was convicted. The action also was filed at a time when Debose had an actual habeas petition pending in the Central District (i.e., C.D. Cal. Case No. 12-cv-5254 DDP).

Ninth Circuit precedent "directs district courts to construe § 1983 claims challenging the fact or duration of the plaintiff's sentence as a petition for habeas corpus when the 'complaint evince[s] a clear intention to state a habeas claim.'" *El-Shaddai*, 833 F.3d at 1047. The complaints in Case No. 12-cv-6169 SI and Case No. 12-cv-4234 did not evince any intention, to state a habeas claim. Moreover, neither action presented claims that "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (en banc) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). This court thus had no occasion to construe either of those cases as a petition for writ of habeas corpus. None of Debose's strike dismissals is affected by the rule that the dismissal of a habeas action does not count as a strike.[2]

2. *Heck* Does Not Prevent a Strike Dismissal

A dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), may constitute a strike under § 1915(g) for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, *and* the entirety of the complaint is dismissed for a qualifying reason under § 1915(g).

---

death row inmate, Theodore Shove, who appears to be the inspiration for and motivating force behind the repeated submission of procedurally and legally insufficient filings by multiple death row inmates in this and other federal courts within the State of California." C. D. Cal. Case No. 2:13-cv-5381 DDP, Docket No. 5 at 2.

[2] If the dismissed actions are considered to be in the nature of habeas challenges to the lawfulness of Debose's confinement, so too is the present action. Like the dismissed actions, the present action at its core is a complaint about the adequacy of the post-conviction review process in California. *See* Docket No. 1 at 6. If the present action is considered to be in the nature of habeas challenge to the lawfulness of Debose's confinement, then the appropriate resolution would be *Younger* abstention or the dismissal of the action as a premature petition for writ of habeas corpus under 28 U.S.C. § 2254.

*Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016). Only a complete dismissal of an action under *Heck* -- rather than the dismissal of a particular claim within that action -- can constitute a strike under § 1915(g). *See id.* at 1057-58 (declining to impose strike with respect to action where plaintiff's *Heck*-barred damages claims were intertwined with his habeas challenge to the underlying sentence). This full-case dismissal rule applies to non-*Heck* dismissals as well. *See Andrews v. Cervantes*, 493 F.3d 493 F.3d 1047, 1054 (9th Cir. 2007). That is, all the claims have to be dismissed for a qualifying reason for the dismissal to count as a strike dismissal under § 1915(g).

Here, the *Heck* bar was imposed only in Case No. 12-cv-6169 SI. The *Heck* bar was obvious from the face of the pleadings in that action. In his complaint, Debose alleged that his appeal in state court was not yet concluded. *See* Docket No. 1 at 5. In his amended complaint, he alleged that he had been convicted in Los Angeles County Superior Court in 1999, and that the state had not yet appointed "appellate counsel for habeas." Docket No. 8 at 1, 6. The pleadings disclosed that Debose had not yet had his conviction and sentence set aside. The *Heck* bar did not cover all the claims but the other claims were dismissed for a different reason that qualifies as a strike dismissal, i.e., failure to state a claim. There were not habeas claims in the complaint that was filed shortly after Debose's petition for writ of habeas corpus had dismissed as premature in the Central District. The dismissal of Case No. 12-cv-6169 SI may be counted as a strike dismissal for purposes of § 1915(g).

### 3. The *Younger* Ruling Does Not Bar Use of the Dismissal

A dismissal due to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), does not count as a strike dismissal under § 1915(g). *Washington*, 833 F.3d at 1058.

The order of dismissal in Case No. 12-cv-6169 SI cited *Younger* as an alternative basis for dismissal. When, as here, there are alternative grounds for dismissal, the dismissal can count as a strike as long as some ground for dismissal of each of the claims can count as a strike dismissal. *Cf. El-Shaddai,* 833 F.3d at 1043 n.3; *see, e.g., id.* at 1043 (after determining that the first basis for dismissal of an earlier case did not count as a strike dismissal, court considered whether the other

7

basis for dismissal counted as a strike dismissal). Case No. 12-cv-6169 SI was dismissed for failure to state a claim and, in the alternative, under *Younger*. Since a dismissal for failure to state a claim may be counted as a strike dismissal, the fact that the alternative reason for dismissal does not count as a strike does not matter.

There is a second reason why the *Younger* ruling should not bar Case No. 12-cv-6169 SI from being counted as a strike: the *Younger* dismissal was based on a hypothetical set of facts, not the actual allegations in the pleading. As explained in the order of dismissal in that case, this court did not understand the complaint to be requesting that this court order the California Supreme Court to decide Debose's case immediately, but even if that was what Debose wanted, *Younger* "abstention would be appropriate." Case No. 12-cv-6169 SI, Docket No. 9 at 4. Case No. 12-cv-6169 SI is properly counted as a strike dismissal.

D. Conclusion

Each of the three earlier dismissals identified in the order to show cause counts as a dismissal for § 1915(g) purposes. Debose did not pay the filing fee, did not show that any of the prior dismissals could not be counted under § 1915(g), was not under imminent danger of serious physical injury when he filed this action, and did not otherwise show cause why this action could not be dismissed. For the foregoing reasons, Debose's *in forma pauperis* application is DENIED. (Docket No. 3.) This action is DISMISSED for failure to pay the filing fee. The dismissal is without prejudice to Debose asserting his claims in a new complaint for which he pays the full filing fee at the time he files that action. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 16, 2018

_____
SUSAN ILLSTON
United States District Judge